Rakoff, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

STEPHANIE TULLO,                                    :

                                                    :       (ozp)

                                                    :   Index No.  06 CV 5251 (JSR)

                              Plaintiff,            :

                                                    :

              - against -                           :   CONFIDENTIALITY

                                                    :   STIPULATION AND ORDER

MCCALL PATTERN, CO.,                               :

                                                    :

                              Defendant.           :

                                                    :

-------------------------------------------------------------- x

        **WHEREAS,** the parties have recognized and agreed that this lawsuit will or may require

the disclosure to opposing parties of information considered by the disclosing party to be

confidential, and

        **WHEREAS,** the parties wish to proceed expeditiously with discovery in this action

without burdening the Court with unnecessary procedural litigation and therefore wish to agree

on a reasonable means of protecting such information from being placed on the public record or

being disclosed to third parties; and

        **WHEREAS,** good cause exists for entry of a confidentiality protective order.

        **IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned

counsel for the above-captioned parties as follows:

        1.      This Confidentiality Stipulation and Order ("Order") governs the handling of

confidential information contained in documents, deposition testimony and deposition exhibits,

trial testimony, interrogatory responses, answers to requests for admissions and other discovery

devices and materials ("Discovery Material") produced by or obtained from or relating to any of

the parties to this action.

USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: 11-20-06

2.    For the purpose of this Agreement, **Confidential Information** shall be defined as information which discloses trades secrets, proprietary or commercial information, personnel records of company employees, medical and psychiatric records, non-public company financial information or any other commercially or personally sensitive information of a non-public nature.

3.    If any party hereto believes that the Discovery Material in this action contains Confidential Information, it may designate such Discovery Material as "Confidential" by prominently marking the same "Confidential" or, if this is not practicable, by advising opposing counsel of such designation in writing.

4.    Any party may, on the record of the deposition or by written notice to counsel for all parties, no later than 14 days after receipt of a deposition transcript, designate all or any portion thereof, including exhibits, Confidential under the terms of this Order if said testimony contains Confidential Information as defined herein.   During the 14-day period, all transcripts, exhibits and the information contained therein will be deemed to be Confidential in their entirety under the terms of this Stipulation and Order.  All copies or parts thereof of deposition transcripts and exhibits that contain confidential matter shall be prominently marked Confidential on the cover thereof and on every page so designated.

5.    Discovery Material designated Confidential shall be used solely for the purpose of this litigation, including in the preparation for trial, at trial and/or in connection with any appeal of this action and shall not be used for any other purpose whatsoever.

6.    In the event any of the parties hereto obtain documents or materials by virtue of subpoenas issued to third parties, either party may also advise the others in writing, of the intent

2

to consider said documents or materials as Confidential pursuant to the terms of this Order if said materials or documents contain Confidential Information as defined herein.

       7.       Discovery Material marked Confidential shall be produced to and used solely by (i) the parties, including all officers, directors or employees of a party, former or current, assisting in the prosecution or defense of the action and for whom it is necessary to disclose the Confidential Discovery Material, all of whom shall be advised of and agree to be bound by the terms of this Order and (ii) the parties' attorneys of record, who shall not disclose or permit disclosure of the Confidential Discovery Material or the contents thereof, except to the following persons:

(a)      their law partners, associates, paralegals and other persons employed by the law offices of such attorneys;

(b)      outside vendors, such as copy centers or translation services specifically engaged to assist counsel with the prosecution or defense of this action;

(c)      bona fide outside experts or consultants and their employees, not on the staff of any party, consulted by such attorneys for assistance in the prosecution or defense of the claims in this litigation;

(d)      a person whose deposition is to be taken in connection with this litigation, but only to the extent necessary for the deposition;

(e)      the authors and the original recipients of the documents;

(f)      other persons, upon written consent of the producing parties or with leave of the Court after notice to the party producing such Confidential Discovery Material; and

(g)      the Court, Court personnel and members of any jury, including alternates.

8.      Each person to whom Discovery Material marked Confidential or the contents thereof is to be disclosed pursuant to paragraphs 7(ii)(b) - (f) above, shall agree in advance:

(a)      that he or she has read a copy of this Order and agrees to be bound thereby;

(b)      that he or she will not disclose such Confidential Discovery Material or the contents thereof to any person not entitled thereto under this Order; and

(c)      that he or she will not use such Confidential Discovery Material or the contents thereof except in connection with this litigation.

With respect to persons designated in paragraphs 7(i), 7(ii)(b) - (f), such agreement shall be manifested by the signature of each such person on a copy of Appendix A hereto, which shall be maintained by the attorney for the party who has disclosed the Confidential Discovery Material to such person.

9.      This Order shall not be construed to prevent any party from making copies of any Discovery Material marked Confidential which is hereby disclosed.  However, all such copies shall be subject to the provisions of this Order.

10.      In the event that any Discovery Material marked Confidential is used in any court proceeding in connection with this litigation, it shall not lose its Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

11.      All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  If the Court does not permit a party to file confidential information

4

under seal, the parties shall be able to file, and rely upon, such information to prosecute and/or defend against this case.

12.     If portions of documents or other Discovery Materials deemed Confidential are filed with the Court, they shall be filed under seal and marked as follows:

**THESE DOCUMENTS ARE CONFIDENTIAL IN ACCORDANCE
WITH A CONFIDENTIALITY ORDER.**

13.     Each individual who received any Confidential Discovery Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Confidentiality Order.

14.     A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any party to this litigation disagrees at any state of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidential status of any information may request appropriate relief from the Court. The burden of establishing that information has been properly designated as Confidential is on the party making such designation. Discovery Material designated as Confidential shall be treated as so designated unless and until the Court directs otherwise.

15.     The inadvertent production of privileged material shall not be deemed a waiver of the applicable privilege.

16.     Nothing herein shall prevent any person from seeking, by written agreement of the parties hereto or Court order, further, greater, or lesser protection with respect to the use of any Confidential Discovery Materials in connection with this Action.

17.     Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

(a)     prejudice or affect in any way the rights of any party to this action to object to the production of documents it considers not subject to discovery under the Federal Rules of Civil Procedure or otherwise;

(b)     prejudice in any way the rights of a party to seek a court determination:

(i)     whether particular discovery materials should be produced; or

(ii)     if produced, whether such discovery material should be subject to the terms of this Stipulation and Order;

(c)     prejudice, affect or apply to statutory or common law privileges, all of which are preserved and may be asserted by any party irrespective of the provisions of this Order; or

(d)     prejudice or affect in any way the rights of any party to this action to object upon any ground to the admission of any document or thing into evidence at the time of trial or otherwise.

18.     In the event additional persons become parties to this litigation, they shall not have access to Confidential Discovery Material produced by or obtained by any parties to this action until the newly joined party, by its counsel, has executed and filed with the Court a copy of this Order.

19.     Upon conclusion of this litigation, whether by judgment, settlement or otherwise, all Confidential Discovery Material, and copies thereof, shall be returned to counsel for the producing party or such Discovery Material shall be certified to have been destroyed.

20.    This Agreement may be executed in counterparts, each of which shall be an

original, with the same effect as if the signatures thereto and hereto were upon the same

instrument.

Dated: New York, New York
       September _11_, 2006

                                            DUANE MORRIS LLP

                                            By: _____
                                                  Eve I. Klein - EK-6747
                                                  Francine N. Nisim - FN-0247
                                            380 Lexington Avenue
                                            New York, NY  10168
                                            (212) 692-1000
                                            Attorneys for Defendant


                                            WECHSLER & COHEN, LLP,

                                            By: _____
                                                  William H Roth – WR-8264
                                            17 State Street, 15th Floor
                                            New York, NY  10004
                                            (212) 847-7900
                                            Attorneys for Plaintiff

*This version was not approved (but a subsequent, corrected version was).*

SO ORDERED:

_____
U.S.D.J.
          11-17-06

7